UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

Plaintiff,

v. Case No. 26-CV-1715

KAREN OAKLEY and
THE LAW OFFICE OF KAREN OAKLEY,

Defendants.

---

**SCREENING ORDER**

---

Plaintiff Armin Wand, III, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $55.32. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

**THE COURT'S ANALYSIS**

Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994).

Federal courts are courts of limited jurisdiction. In general, they are only authorized to resolve disputes where the case arises under federal law, 28 U.S.C. § 1331, or that arise between citizens of different states where the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332.

Plaintiff claims that Attorney Karen Oakley committed acts or omissions constituting negligence and legal malpractice, that Oakley breached her fiduciary duty by putting her interest of receiving unearned money over Plaintiff's benefit, and that Oakley defrauded Plaintiff by making a factual representation that she knew was untrue. (ECF No. 1 at 11.) He seeks $1,500,000.00 in compensatory damages and $3,500,000.00 in punitive damages. (*Id.* at 4, 11–12.)

Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, but he does not allege the citizenship of the defendants. He asserts that "Defendant Karen Oakley and the Law Office of Karen Oakley, LLC, is and was licensed to practice law in the State of Ohio at all times relevant to this complaint. Defendant may be reached at The Law Office of Karen Oakley, P.O. Box 541111, Cincinnati, Ohio 45454." (ECF No. 1 at 2.) "A natural person is a citizen of the state in which he is domiciled." *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020). Although Plaintiff states where Oakley works, he does not indicate where Oakley is domiciled.

As for the Law Office of Karen Oakley, LLC, LLCs are citizens of the states in which their members are citizens. *See Belleville Catering Co. v Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Plaintiff's complaint does not allege the states of citizenship of each of the LLC's members.

In short, the allegations in the complaint are insufficient to confer jurisdiction on the Court. As a result, the complaint is dismissed for failure to allege subject matter jurisdiction. The dismissal is without prejudice, however, and Plaintiff may file an amended complaint within the next thirty days if he is able to remedy the defects.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 4, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $294.68 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge